# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2022

Lyle W. Cayce
Clerk

No. 20-61241
Summary Calendar

Roberto Daniel Rodriguez Hernandez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 407 332

---

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Roberto Daniel Rodriguez Hernandez, a native and citizen of
Honduras, petitions for review of a decision of the Board of Immigration
Appeals (BIA) dismissing his appeal from a decision of the Immigration
Judge (IJ) concluding that he was ineligible for asylum, withholding of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61241

removal, and protection under the Convention Against Torture (CAT). We review the BIA's decision for substantial evidence, *see Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005), and consider the IJ's decision only to the extent it influenced the BIA, *see Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Challenging only the denial of his claim for asylum,[1] Rodriguez Hernandez argues, inter alia, that the BIA erred with respect to its determination that he failed to establish that "the authorities were unable or unwilling to control" his persecutors. *Sanchez-Amador v. Garland*, 30 F.4th 529, 533 (5th Cir. 2022) (internal quotation marks and citation omitted). Contrary to Rodriguez-Hernandez's assertions, nothing in the BIA's opinion demonstrates that it applied the wrong legal standard with respect to this issue. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354 (5th Cir. 2002). Further, in view of information contained in the country report for Honduras, as well as evidence of the police response to the incident in which gang members shot Rodriguez Hernandez and other members of his family, which shows that the police investigated the crime, substantial evidence supports the BIA's determination that Rodriguez Hernandez failed to show that the Honduran government is "unable or unwilling to control" his persecutors. *Sanchez-Amador*, 30 F.4th at 533. Because the BIA's determination as to this issue defeats Rodriguez Hernandez's asylum claim, we need not address the other bases for the denial of the claim. *See id.* at 533; 8 C.F.R. § 1208.13(b)(1)-(3); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

---

[1] Rodriguez Hernandez has abandoned his claims for withholding of removal and relief under the CAT by failing to brief them. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

No. 20-61241

Rodriguez Hernandez also claims that the BIA violated his statutory and due process rights by issuing an adverse decision without providing a transcript of the testimony of his brother. Because he has not presented these claims to the BIA in a motion to reconsider, they are unexhausted, and we lack jurisdiction to consider them. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022).

PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.